**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRENITAZE MOORE,

      Petitioner,

v.                                                                Case No. 25-cv-13998
                                                                 HON. MARK A. GOLDSMITH

RAPHAEL WASHINGTON,

      Respondent.

_____/

**OPINION & ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Brenitaze Moore is a pre-trial detainee currently incarcerated at the Wayne County Criminal Justice Center 5301 Russell Street, C3020 Detroit, Michigan, 48211. He filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his pending prosecution in the Wayne County Circuit Court for assault with intent to commit murder, Mich. Comp. Laws § 750.83; assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84; assault with a dangerous weapon, Mich. Comp. Laws § 750.82; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; domestic violence, Mich. Comp. Laws § 750.81(2); and four counts of felony-firearm, second-offense, Mich. Comp. Laws § 750.227b.

For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

1

## I.   BACKGROUND

Petitioner is challenging his current prosecution in the Wayne County Circuit Court.  The case remains pending in that court.  People v. Moore, No. 24-003640-01-FC (Wayne Cty. Cir. Ct.).  Trial has been continued from its original date of April 24, 2026.[1]

In this habeas application, Petitioner challenges his continued detention on the following grounds:

> I.  I am a diplomatic agent of my foreign state and I have diplomatic immunity from the criminal jurisdiction and the person of a diplomatic agent shall be inviolable.
>
> II. I was never informed of the nature and cause of the accusation made against me because the indictment lacks specificity and fails to allege all the essential elements constituting an offense.

## II.   ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District

---

[1] Wayne County Circuit Court. See Register of Actions, Wayne Cnty. Cir. Ct. No. 24-003640- 01-FC,   https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4068748.     Public   records   and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See Daniel v. Hagel, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

Court first has made a careful examination of the petition." <u>Allen v. Perini</u>, 424 F.2d 134, 140 (6th Cir. 1970).

A district court, therefore, has the duty to screen out any habeas corpus petition which lacks merit on its face. <u>Id</u>. at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. <u>Id</u>. District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. <u>See</u> <u>Perez</u>, 157 F. Supp. 2d at 796.

In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge before a judgment of conviction by a state court. <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 489 (1973). A state criminal case is, therefore, ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals. <u>Allen v. Attorney General of the State of Me.</u>, 80 F.3d 569, 572 (1st Cir. 1996); <u>see</u> <u>also</u> <u>Switek v. Michigan,</u> 587 F. Supp. 3d 622, 625 (E.D. Mich. 2021).

Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should generally abstain from doing so if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner. <u>See</u> <u>Atkins v. State of Mich.</u>, 644 F.2d 543, 545–546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." <u>Moore v. United States</u>, 875 F.

Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. Id.

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. See Klein v. Leis, 548 F.3d 425, 430, n. 2 (6th Cir. 2008). The petition does not allege that the pending state court charges violate Petitioner's rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. See Atkins, 644 F.2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonobtainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. Id. The petition does not allege that Petitioner's speedy trial rights are being violated.

Petitioner claims that he has diplomatic immunity from criminal prosecution because he is the leader of an unspecified foreign state. He argues that the Wayne County Circuit Court lacks jurisdiction to entertain his case. Petitioner's claim that he is immune from prosecution because of diplomatic immunity cannot be maintained in a pre-trial habeas petition. See, e.g., Theriault v. Lamb, 377 F. Supp. 186, 187–190 (D. Nev. 1974) (federal habeas court would not consider claims which were asserted by state defendants in a pre-trial habeas petition, which asserted that as nonresident Canadian aliens they were immune from prosecution for murder charges committed within the State of Nevada).

4

Likewise, Petitioner's claims involving alleged deficiencies in the charging documents or indictment can be effectively vindicated in the state courts to preclude him from obtaining prejudgment habeas relief.  See Hirsch v. Smitley, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) (federal habeas petitioner's pretrial habeas claim alleging the insufficiency of the charging documents could be effectively vindicated in the state trial and appellate courts and thus, petitioner was required to exhaust his state court remedies before he could seek prejudgment habeas relief); Malone v. State of Tenn., 432 F. Supp. 5, 5–6 (E.D. Tenn. 1976) (despite petitioner's allegations that he was being forced to trial on the merits of an indictment in state court without having been accorded or having waived preliminary hearing, petitioner failed to allege special circumstances warranting prejudgment federal habeas corpus relief).

Accordingly, the Court denies the petition.

## A. Certificate of Appealability and In Forma Pauperis on Appeal

The Court denies a certificate of appealability to Petitioner.  28 U.S.C. § 2253 governs appeals in habeas corpus proceedings.  Whether a habeas petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of the habeas petition. See § 2253(c)(1)(A); Greene v. Tenn. Dep't of Corr., 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5

For the reasons stated in this opinion, the Court denies a certificate of appealability because jurists of reason would not find debatable this Court's conclusion that Petitioner's pre-trial claims are non-cognizable on habeas review.  See, e.g., Switek, 587 F. Supp. 3d at 627.  The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.  See Allen v. Stovall, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III.    CONCLUSION

The Court summarily dismisses the petition for a writ of habeas corpus.  It denies Petitioner a certificate of appealability and denies Petitioner leave to appeal in forma pauperis.

**SO ORDERED.**

Dated: May 15, 2026                                  s/Mark A. Goldsmith
Detroit, Michigan                                    MARK A. GOLDSMITH
                                                     United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2026.

                                        s/Joseph Heacox
                                        JOSEPH HEACOX
                                        Case Manager